UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

SMITH WHOLESALE CO., INC., ET AL.    )
                                      )
v.                                    )    NO. 2:03-CV-221
                                      )
PHILIP MORRIS USA, INC.               )

**O R D E R**

This price discrimination matter is before the Court to consider Plaintiffs' Motion for Sanctions for Philip Morris USA, Inc.'s Failure to Participate in Mediation in Good Faith with Memorandum in Support. [Doc. 216]. Philip Morris USA, Inc. ("PM") argues that sanctions are improper in this case, and has repeatedly stated that PM had no obligation to settle and should not be coerced to settle.

Plaintiff seeks sanctions against PM, pursuant to Rule 16(f) of the Federal Rules of Civil Procedure for failing to participate in good faith in the mediation which was scheduled in this case for February 16, 2005 and February 17, 2005. Rule 16(f) provides:

> (f) Sanctions. If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Rule 16(f) authorizes the court to compel attendance at pretrial conferences, and this has been also held to apply to settlement conferences. See *Lockhart v. Patel*, 115 F.R.D. 44 (E.D.Ky.1987); *McKay v. Ashland Oil, Inc.*, 120 F.R.D. 43, 48 (E.D. Ky. 1988).

On November 24, 2004, after the parties failed to file their joint report in regard to mediation on November 15, 2004, this Court ordered the parties to mediation within 60 days with a report in regard to mediation being due on January 31, 2005. PM never filed a motion to reconsider this order nor filed any pleading stating any reason that would support a delay of mediation.

In the next month, the plaintiffs and PM agreed on a mediator, dates

2

for the mediation of February 16 and 17 of 2005, and a location for mediation in Atlanta, Georgia. The Court extended the date to file the parties' report in regard to mediation to February 25, 2005.

Plaintiffs' counsel began the process of gathering detailed settlement position information from each of the 30 plaintiffs in advance of mediation. This process took several weeks and numerous hours of counsel's time to complete. At the mediator's request, plaintiffs' counsel also prepared a 15 page general mediation paper, a 10 page mediation paper regarding expert testimony, 30 updated individual Plaintiff damages reports, as well as gathered litigation documents for the mediator's review.

Although plaintiffs were located throughout the country, plaintiffs' counsel instructed them to attend this mediation in person based on the Court's order to that effect in No. 2:03-CV-30, *Smith Wholesale Co., Inc., Et Al., v. R. J. Reynolds Tobacco Company* ("RJR case") and pursuant to LR 16.4(l). The vast majority of the plaintiffs flew to Atlanta on February 15 in order to attend mediation and the remainder drove. Two plaintiffs were absent; however, they were available by phone. On the night of February 15, plaintiffs' counsel also held a two hour meeting to answer additional mediation questions posed by plaintiffs.

On February 16, 2005, there was a short opening joint

session which was a general introductory meeting which began at approximately 9:00, followed by a caucus between the mediator and plaintiffs until lunch time, then a caucus between the mediator and the defendant until around 1:30 P.M. Upon their return from lunch, the plaintiffs learned that any further attempts to mediate would be futile, and the mediation ended at approximately 2:00 P.M.

Plaintiffs' initial proposals conveyed to the defendant at lunch time included a proposed modification of PM's Wholesale Leaders incentive program. PM contends that all attempts to mediate were frustrated by this proposal because PM has always believed that its program was legal and PM did not anticipate that changes in the program would be proposed.[1] The belief that the program was legal has now been bolstered by the Magistrate Judge's Report and Recommendation dated February 23, 2005, which recommended that the Motion for Summary Judgment in the RJR case be granted. PM's Motion for Summary Judgment in this case raises the same issue raised in the RJR case. However, PM did not know of this ruling on February 16, 2005, when the mediation in this case was held.

---

[1] Although PM had multiple opportunities to do so, never notified the Court that modification to the Wholesale Leaders Program would not be considered by PM at mediation. Had PM done so, this Court could have considered whether mediation was futile, whether mediation should go forward on a more limited basis or whether mediation could be structured so as to be less onerous or expensive for plaintiffs. PM's failure to communicate its position to the Court likewise prevented the plaintiffs from seeking relief from the local rule regarding mediation, for instance, whether plaintiffs should be required to attend in person or whether the mediation should be limited to limited issues in an attempt to narrow the issues for trial.

Although PM says that there was a list of things they could not do and things they could do, PM's counsel admitted that she did not know if these restrictions were ever communicated to the plaintiffs. Although PM contends that changes in its program were entirely unacceptable, PM simply terminated the two day session, when this proposal was made, and sought no other proposals from the plaintiffs.

Meaningful and productive settlement conferences are vital to the judicial process in assisting district courts in the management of their heavy case load. See, *Pitman v. Brinker Intern., Inc.*, 216 F.R.D. 481, 484 (D. Ariz. 2003); *Lockhart*, supra 45. In *Pitman*, the Court found that one of the factors supporting the imposition of sanctions in that case was that the defendant attended the settlement conference despite the high unlikelihood of a settlement and failed to notify the Court of the unlikelihood of settlement. *Pitman* supra at 485.

In this case, the defendant also attended the settlement conference despite the obvious high unlikelihood of a settlement and failed to notify the Court of the same prior to the conference being held. The Court FINDS that the defendant failed to participate in the mediation session in good faith and that this conduct warrants sanctions under Rule 16(f). The Court does not find that the noncompliance was substantially justified or that other circumstances make an

5

award of expenses unjust.  Accordingly, it is hereby **ORDERED** that the plaintiffs' Motion for Sanctions is **GRANTED**.  [Doc. 216].  The plaintiffs will have up to and including June 6, 2005, to file itemized affidavits detailing expenses, including attorney fees, mediator fees, and other expenses incurred by them in preparing for and participating in the mediation session held on February 16, 2005.

    ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
