UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | | |
|---|---|---|
| SMITH WHOLESALE CO., INC., *et al.* | ) | |
| | ) | |
| v. | ) | NO. 2:03-CV-221 |
| | ) | |
| PHILIP MORRIS USA, INC. | ) | |


## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the motion of the defendant, Philip Morris USA, Inc. ("PM") for Recovery Against The Preliminary Injunction Bond [Doc. 282] and PM's renewed Motion For Recovery Against The Preliminary Injunction Bond [Doc. 296]. Plaintiffs have responded in opposition, as has the surety, Lexon Insurance Company. For the reasons which follow, PM's motion will be GRANTED.

**I.     Background**

The plaintiffs are a group of full service wholesalers and direct distributors of cigarettes purchased from PM for resale to their retail customers. They brought suit against PM alleging that PM had engaged in price discrimination in violation of § 2(a) of the Clayton Act, as amended by the Robinson–Patman Price Discrimination Act, 15 U.S.C. § 13(a), and attempted monopolization in violation of the Sherman Act, 15 U.S.C. § 2. The plaintiffs also sought injunctive relief, seeking to enjoin PM from implementing the 2003 version of its Wholesale Leaders program. On August 6, 2003, this Court granted plaintiffs' motion for a preliminary injunction preventing PM from "providing lower price discounts and/or rebates to the plaintiffs than are provided to the plaintiffs' competitors." The Court required the plaintiffs to post security in the amount of $ 1,000,000.00

before the injunction would go into effect. On August 14, 2003, the plaintiffs posted the required bond, guaranteed by Lexon Insurance Company as surety, and the preliminary injunction went into effect.

PM immediately appealed the grant of the preliminary injunction to the United States Court of Appeals for the Sixth Circuit and requested a stay pending resolution of the appeal. On September 16, 2003, the Sixth Circuit stayed the preliminary injunction and granted PM's request for an expedited appeal. On August 17, 2005, while PM's appeal was pending in the Sixth Circuit, this Court granted summary judgment in favor of PM, vacated the preliminary injunction and dismissed all of plaintiffs' claims. On August 26, 2005, the Sixth Circuit granted the joint motion of the parties to dismiss the appeal of the grant of the preliminary injunction and the appeal was dismissed.

On February 27, 2007, the United States Court of Appeals for the Sixth Circuit affirmed this Court's order granting summary judgment. The Court of Appeals mandate issued on April 2, 2007. Thereafter, the plaintiffs filed a petition for *writ of certiorari* in the United States Supreme Court. The Supreme Court denied plaintiffs' petition.

On October 4, 2005, PM filed its motion for recovery against the preliminary injunction bond. Plaintiffs filed their opposition on October 14, 2005, and requested that the court defer a ruling on the motion until after the resolution of their appeal by the United States Court of Appeals for the Sixth Circuit. PM consented to the request that the Court defer action pending a ruling from the Sixth Circuit. On April 16, 2007 PM renewed its motion for recovery against the bond. Plaintiffs once again responded in opposition and requested that the Court defer any ruling on the motion until they had fully exhausted the appeal process.

With the denial of plaintiffs' petition for *writ of certiorari* by the Supreme Court, all appeals have now been exhausted in this matter. PM requests that it be awarded the amount of $669,016.05 in damages that resulted from the issuance of the August 6, 2003, preliminary injunction.[1] PM's motion is supported by the affidavit of Ross Webster, Vice President of Trade Marketing at PM. In response to notice from the Court setting an evidentiary hearing, the parties have notified the Court that neither party requests an evidentiary hearing and have "consent[ed] to submit the matter for decision based on the current recorded." The matter is, therefore, ripe for disposition.

## II.    Analysis and Discussion

The purpose of requiring a bond upon the issuance of a preliminary injunction is to provide payment of "costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). As a general rule, a defendant who is preliminary enjoined but thereafter prevails in the final adjudication on the merits has been "wrongfully enjoined" and is thus entitled to damages that the wrongfully enjoined party incurred in responding to and complying with the terms of the injunction. *Silvers v. TTC Industries, Inc.*, 395 F. Supp. 1318 (E.D. Tenn. 1974). *See also Silvers v. TTC Industries, Inc.,* 484 F.2d 194, 198-199 (6th Cir. 1973). For purposes of an action for damages for a wrongfully obtained preliminary injunction, the defendant need not show that the injunction was obtained maliciously or without probable cause before a plaintiff can be found to be liable for damages. "[G]enerally, for the purposes of establishing liability on an injunction bond, a decree dismissing a bill in equity constitutes a judicial determination that a

---

[1] Defendant PM originally sought the amount of $679,861.52 in damages; however, PM has withdrawn its motion with respect to one of the plaintiffs, Smith Wholesale Company, Inc., on the basis that Smith Wholesale, Inc. has paid the full amount of the difference between the discount received by Smith Wholesale, Inc. during the time the injunction was in effect and that Smith Wholesale would have received had the preliminary injunction never been issued, i.e., the amount of $10,845.47.

temporary injunction should not have been granted." *Atomic Oil Co. of Okla., Inc. v. Bardahl Oil Co.*, 419 F.2d 1097, 1102 (10th Cir. 1969). "A party has been 'wrongfully enjoined' under Fed. R. Civ.P. 65(c) if it is ultimately found that the enjoined party had at all times the right to do the enjoined act." *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 910 F.2d 1049, 1054(2d Cir. 1990).

A party who receives benefits from an improperly issued injunction that he would not have received but for the injunction has a duty to restore that benefit to those who have been injured by the injunction. *Arkadelphia Milling Co. v. St. Louis Southwestern Railway Ry. Co.*, 249 U.S. 134, 145 (1919). Thus, upon the entry of this Court's grant of summary judgment to PM in this case, a finding that PM has been "wrongfully enjoined" was merited. PM's entitlement to damages was therefore established to the extent PM suffered damages as a direct result of the preliminary injunction.

As set forth above, the preliminary injunction issued by this Court was in effect from August 14, 2003, until September 16, 2003, when the Sixth Circuit Court of Appeals stayed the injunction. PM has provided clear and undisputed evidence that, while the preliminary injunction was in place, PM paid to the original 16 plaintiffs in this case the total amount of $679,861.52, an amount PM would not otherwise have paid but for the entry of the preliminary injunction in this case. Plaintiffs do not dispute that they in fact received the higher discounts they specifically requested as part of the injunction nor do they dispute that the payments they received from PM were higher during the time the injunction was in place than would otherwise have been the case in the absence of the injunction. Plaintiffs, likewise, do not contest that PM was required to provide them with higher discounts under the preliminary injunction than PM would have been required to without the

4

injunction. This, argues PM, entitles PM to recovery on the bond for the actual loss suffered.

The plaintiffs, and their corporate surety, Lexon Insurance Company, oppose PM's request on several grounds. First of all, plaintiffs argue that PM forfeited any claim against the bond when it voluntarily dismissed its appeal of this Court's grant of a preliminary injunction. Plaintiffs make this argument without citation to any authority and this Court has been unable to locate any authority which supports their view. The reason is quite obvious-- the two issues, whether the district court erred by entering a preliminary injunction and whether recovery by defendant on the bond for an injunction wrongfully entered, are significantly different. The only issue before the Court of Appeals was the propriety of this Court's grant of the preliminary injunction, not PM's entitlement to damages for having been wrongfully enjoined. Secondly, plaintiffs argue that the fact that the Court ultimately ruled in PM's favor does not negate that "serious and substantial questions going to the merits" existed at the time of the injunction's issuance. As noted above, however, whether this Court committed error in its initial grant of the preliminary injunction or not is not the issue. It is the final adjudication in favor of PM on the merits which results in a finding that PM was wrongfully enjoined. Simply put, under the plain terms of the rule, every litigant who seeks a preliminary injunction runs the risk of incurring damages if the injunction issues and the matter is later adjudicated on the merits against that litigant. These arguments of the plaintiffs are without merit.

Plaintiffs also argue that PM makes no showing to evidence the amount of sales plaintiffs would have had in the absence of the injunction, claiming plaintiffs were able to "regain massive numbers of lost customers as well as entirely new customers" during the time the injunction was in effect. Plaintiffs argue that, except for the injunction, PM would still have paid the higher discounts,

albeit to other distributors. In addition, plaintiffs argue that PM "reaped tens of millions of dollars in cost savings" because of the Court's injunction. These arguments of plaintiffs fail for several reasons.

First of all, plaintiffs offer no proof on these matters. According to the affidavit submitted by PM, the amount of damages sought by PM represents the difference between what each wholesaler would have received had the injunction not been in effect and the amount actually received at the higher rate required by the injunction. Except for the conclusory statements contained in plaintiffs' brief, they offer no rebuttal proof on any of these issues. Secondly, and more importantly, these matters are quite irrelevant to the fact that these plaintiffs received money during the term of the injunction which they would not have otherwise received but for the issuance of the preliminary injunction. Plaintiffs make no effort to explain why it would be equitable to allow them to retain money they were not entitled to receive in the first place or why they should be unjustly enriched at the expense of PM.

Plaintiffs also argue that any recovery against the bond is a purely discretionary matter to be determined by the court in accordance with the equities of the case. They argue that this Court should deny recovery based upon the equities of the case, even if PM has made a legitimate demonstration of some actual loss resulting from the injunction. Plaintiffs largely argue the same factors noted in the preceding paragraphs in an effort to establish an equitable reason why this Court should not permit recovery by PM on the bond. Lexon additionally argues that six of the sixteen original plaintiffs to which the preliminary injunction applied have gone out of business since the injunction was stayed and, since the bond provides for joint and several liability of plaintiffs, Lexon would look to the remaining plaintiffs who remain in business for recovery of the payments

applicable to the wholesalers whose businesses have failed. Lexon argues this would result in harsh additional inequities upon those ten plaintiffs. This Court finds that none of these reasons establish such inequity that this Court should refuse to award damages on the bond. The reasoning set forth in the preceding paragraphs applies equally here. In addition, that several of the plaintiffs have now gone out of business, thus increasing the financial burden on the remaining plaintiffs, provides no reason to deny PM's motion. At the time the plaintiffs posted the injunction bond, they were well aware of the risk that some of the plaintiffs might be forced out of business, thus increasing the burden upon the remaining plaintiffs in the event damages were awarded on the injunction bond.[2] The plaintiffs were fully aware of the risk they were undertaking by seeking issuance of the preliminary injunction in the first place and the results were clearly anticipated in the event of a failure of their claims. Nothing in this record suggests that it would be inequitable or unjust for this Court to award damages to PM on the bond, requiring plaintiffs to repay monies they received and to which they were not entitled.[3]

## III. Conclusion

For the foregoing reasons, judgment will enter that the defendant, Philip Morris USA, Inc., recover of the plaintiffs, except for Smith Wholesale Company, Inc., and their surety, Lexon Insurance Company, the sum of $669,016.05. The Court declines to order interest thereon in that

---

[2] In fact, many of these plaintiffs argued that, without the injunction, they might be forced into bankruptcy or out of business altogether. All plaintiffs, therefore, were fully aware of the risk.

[3] Plaintiffs' argument that PM should be required to show the amount of PM product plaintiffs would have purchased during the relevant time period absent the injunction is, on the surface, troubling. However, PM, to recover on the bond, is not required to prove the exact <u>amount</u> of its damages. "[W]hile the fact of damages must be established definitely, the amount need not be proven mathematically. Otherwise in cases of this kind the [prevailing party] might find himself with but an empty victory and the defendant without any obligation to make good the plaintiff's loss." *See Meeker v. Stuart*, 188 F. Supp. 272, 276 (D.C.D.C. 1960), aff'd 289 F.2d 902 (D.C. Cir. 1961).

7

the bond, on its face, obligated plaintiffs and their surety to pay only "costs and damages caused by the preliminary injunction". *See also* Fed. R. Civ. P. 6(c). The Clerk is directed to enter judgment.

SO ORDERED.

ENTER:

                                                       s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE